G:\docs\P3323\0706002.DOC

1  Ronald F. Remmel  (#87628) *rremmel@newtonremmel.com*
   Lenell Topol McCallum  (#84024) *lmccallum@newtonremmel.com*
2  NEWTON REMMEL
   A Professional Corporation
3  1451 Grant Road, P.O. Box 1059
   Mountain View, CA  94042
4  Telephone:  (650) 903-0500
   Facsimile:  (650) 967-5800
5
   Attorneys for Defendant
6  FEDERAL INSURANCE COMPANY

7

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                         OAKLAND DIVISION
11

12
   SECOND WALNUT CREEK MUTUAL,        )  Case No.: CV08-2874 CW
13                                      )
            Plaintiff,                  )  **NOTICE OF MOTION AND MOTION**
14                                      )  **TO DISMISS FOR FAILURE TO STATE**
        vs.                             )  **A CLAIM UPON WHICH RELIEF CAN**
15                                      )  **BE GRANTED (RULE 12(b)(6))**
   TRAVELERS PROPERTY CASUALTY          )
16  COMPANY OF AMERICA, FEDERAL         )  Hearing Date:      August 14, 2008
   INSURANCE COMPANY and DOES 1         )  Time:              2:00 p.m.
17  through 20, inclusive,              )  Courtroom:         2
                                        )
18            Defendants.               )
   _____)
19
   TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:
20
          PLEASE TAKE NOTICE that on August 14, 2008, at 2:00 p.m. or as soon thereafter as
21
   the matter may be heard in the above entitled Court, located at 1301 Clay Street, Oakland, CA
22
   94612, defendant TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA
23
   ("Travelers") and FEDERAL INSURANCE COMPANY ("FEDERAL") will move the Court
24
   to dismiss the action pursuant to FRCP 12(b)(6) because plaintiff's complaint fails to state a
25
   claim upon which relief can be granted.
26
          As discussed more fully in the accompanying Memorandum of Points and Authorities,
27
   plaintiff SECOND WALNUT CREEK MUTUAL seeks coverage for the costs of repair to the
28
   NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH
   RELIEF CAN BE GRANTED (RULE 12(b)(6)) [CV08-02874 CW]- 1 -

G:\docs\P3323\0706002.DOC

1   portion of the subject Property's plumbing system that is located underground under the

2   property insurance provided by Travelers and Federal, which is attached to the complaint as

3   Exhibit A. Underground pipes are listed under the section of the involved property policy

4   entitled "Property and Costs Not Covered" and, as a matter of law, are excluded from coverage.

5   Consequently, the defendants' denial of those costs was proper and the complaint does not state

6   a claim for breach of contract. Moreover, since the denial of coverage was proper, there can be

7   no bad faith as a matter of law. Finally, since there is no bad faith, plaintiff is not entitled to

8   recover its attorneys' fees or punitive damages as a matter of law. Consequently, plaintiff's

9   Complaint for Breach of Contract, Breach of Implied Covenant Of Good Faith And Fair

10  Dealing, Declaratory Relief And Punitive Damages should be dismissed without leave to

11  amend.

12      The motion will be based on this Notice of Motion, the attached Memorandum of Points

13  and Authorities filed herewith, and the pleadings and papers filed herein.

14  DATED: June 23, 2008                     NEWTON REMMEL

15

16                                  By: _Lenell Topol McCallum_
17                                      Ronald F. Remmel
                                        Lenell Topol McCallum
18                                      Attorneys for Defendant
                                        FEDERAL INSURANCE COMPANY
19

20  DATED: June 23, 2008                     RUDLOFF WOOD & BARROWS LLP

21

22                                  By: _Marjie D. B_____
23                                      Marjie D. Barrows
                                        Attorneys for Defendant
24                                      TRAVELERS PROPERTY CASUALTY
                                        COMPANY OF AMERICA
25

26

27

28
    NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH
         RELIEF CAN BE GRANTED (RULE 12(b)(6)) [CV08-02874 CW]- 2 -

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................. 1

II.  THE FACTS AS ALLEGED ................................................................................ 1

III. THE POLICY ..................................................................................................... 2

IV.  LEGAL ARGUMENT ........................................................................................ 4

    A.   Rule 12(b)(6) Legal Standard ..................................................................... 4

    B.   The Policy Provision At Issue Is Not Ambiguous ....................................... 4

    C.   Plaintiff's First Cause of Action For Breach of Contract Fails to State Facts Sufficient to Constitute a Cause of Action .......................................... 7

    D.   Plaintiff's Second Cause of Action For Bad Faith Fails to State Facts Sufficient to Constitute a Cause of Action ................................................... 9

        1.   Plaintiff Is Not Entitled To Punitive Damages As A Matter of Law ............................. 11

        2.   There Is No Basis For An Award of Attorneys' Fees ......................................... 12

V.   CONCLUSION .................................................................................................. 12

G:\docs\P3323\0706002.DOC

1

## TABLE OF AUTHORITIES

2

**Cases**

3

Acoustics, Inc. v. Trepte Construction Co., 14 Cal.App.3d 887, 913 (1971) .............................. 7

4

AIU Ins. Co. v. Superior Court, 51 Cal.3d 807, 821-822 (1990) .................................................. 4

5

Amadeo v. Principal Mut. Life Ins. Co., 290 F.3d 1152, 1161 (9th Cir.2002) ......................... 10

6

Barrett v. Farmers Ins. Group, 174 Cal.App.3d 747, 752 (1985)................................................. 5

7

Brandt v. Superior Court, 37 Cal.3d 813, 817 (1985) ................................................................ 12

8

California Packing Corp. v. Transport Indemnity Co., 275 Cal.App.2d 363, 370 (1969) ........... 5

9

Chateau Chamberay Homeowners Assn. v. Associated Internat. Ins. Co., 90 Cal.App.4th 335,

10

   345 (2001) ................................................................................................................................. 10

11

Conley v. Gibson, 355 U.S. 41, 45-46 (1957).............................................................................. 4

12

Egan v. Mutual of Omaha Ins. Co., 24 Cal.3d 809, 818, (1979)................................................. 10

13

Epstein v. Washington Energy Company, 83 F.3d 1136, 1139 (9th Cir. 1996).......................... 4

14

Fletcher v. Western National Life Ins. Co., 10 Cal.App.3d 376, 400 (1970)............................. 11

15

Furtado v. Metropolitan Life Insurance Co., 60 Cal.App.3d 17, 25 (1976)................................. 5

16

General Accident Ins. Co. v. Unity/Waterford-Fair Oaks, 288 F.3d 651 (5th Cir. 2002)......... 7, 8

17

Gourley v. State Farm Mut. Auto. Ins. Co., 53 Cal.3d 121, 127 (1991) ................................... 10

18

Hauser v. State Farm Mut. Auto. Ins. Co., 205 Cal.App.3d 843, 846 (1988) ............................. 5

19

In re Stac Electronics Securities Litig., 89 F.3d 1399 (9th Cir. 1996) ........................................ 4

20

Jensen v. Traders & Gen'l Ins. Co., 52 Cal.2d 786, 791 (1959) ................................................. 5

21

Miranda v. Ponce Federal Bank, 948 F.2d 41, 44 (1st Cir. 1991)................................................ 4

22

Monju v. Continental Casualty Co., 487 So.2d 729 (1986) .......................................................... 8

23

Neal v. Farmers Ins. Exchange, 21 Cal.3d 910, 920 (1978)......................................................... 9

24

Nieto v. Ecker, 845 F.2d 868, 870 (9th Cir. 1988)........................................................................ 4

25

Opsal v. United Services Auto. Assn., 2 Cal.App.4th 1197, 1205 (1991) ................................... 9

26

Producers Dairy Delivery Co. v. Sentry Ins. Co., 41 Cal.3d 903, 912 (1986) ......................... 5, 6

27

Schrillo Co. v. Hartford Accident & Indemnity Co., 181 Cal.App.3d 766, 775-776 (1986)....... 7

28

G:\docs\P3323\0706002.DOC

Shell Oil Co. v. Winterthur Swiss Ins. Co., 12 Cal.App.4th 715, 737 (1993) ........................... 5

Slottow v. American Casualty Company, 10 F.3d 1355, 1361 (9th Cir. 1993) ........................ 12

Spindle v. Northwestern/Pacific Indemnity Group, 89 Cal.App.3d 706 (1979) ................. 10, 11

Waller v. Truck Ins. Exch., 11 Cal.4th 1, 36 (1995) ................................................................ 10

Weldon v. Commercial Union Assurance Co., 103 N.M. 522, 710 P.2d 89 (1985) ............... 8, 9

**Statutes**

California Civil Code Section 3294 ......................................................................................... 11

**Other Authorities**

13 J. Appleman, Insurance Law and Practice § 7387, at 181 (1976) .......................................... 6

G:\docs\P3323\0706002.DOC

## I.    INTRODUCTION

Travelers and Federal paid the lion's share of the claim related to the fire loss at the property covered under the subject insurance policy, approximately $900,000. They did, however, decline to pay $70,000 relating to the costs incurred to repair underground pipes that were not included within the property or costs covered by the policy. Travelers and Federal have filed this motion to dismiss because the facts as alleged by plaintiff, when viewed in conjunction with the provisions of the property coverage provided by the property policy attached to the complaint, do not as a matter of law state a claim for breach of contract or for breach of the covenant of good faith and fair dealing. The refusal of Federal and Travelers to pay for the portion of the loss related to property that was not covered was both proper and reasonable. The complaint should be dismissed in that it states no facts that can legally support a claim for relief.

## II.    THE FACTS AS ALLEGED

As alleged in the plaintiff's complaint, a fire broke out at 3136 Tice Creek Drive, a two story building that was insured under a property insurance policy issued to plaintiff by Travelers, a copy of which is attached to the Complaint as Exhibit A. Travelers and Federal share coverage under the policy, each agreeing to pay fifty percent of the first $50,000,000 of loss. The fire caused damage to the building, including the plumbing system. Travelers and Federal responded to the plaintiff's claim, agreeing that some of the damage to the building was covered and paying a significant portion of the claim, including damage to a portion of the plumbing system. Compl., ¶14. Paragraph 15 sets forth the gravamen of the plaintiff's complaint against the defendant insurers:

> However, despite their obligation to pay for direct physical loss or damage to the Property, Travelers and Federal denied coverage to the Mutual for damage to the portion of the Property's plumbing system located underground. The Mutual paid approximately $70,000 to repair the damage to the portions of the plumbing system which Travelers and Federal determined were not subject to coverage under the Policy.

////

1    Travelers and Federal declined to reimburse plaintiff for these costs for several reasons, only

2    one of which will be addressed by this motion.  Underground pipes or that portion of the

3    plumbing system that was located below the slab of the apartment building are not covered by

4    the insurance.

5            In the first cause of action, plaintiff asserts that the defendants' reliance on the policy

6    provision excluding "underground pipes" as covered property was a breach of the provisions of

7    the insurance contract.  Compl., ¶¶ 23-26.  Plaintiff also asserts a second cause of action for

8    breach of the covenant of good faith and fair dealing.  Compl., ¶¶ 27-31.  The sole basis of the

9    alleged "bad faith" is contained in paragraph 29 of the complaint as follows:

10           Defendants breached these duties by refusing, without proper cause, to
             compensate Plaintiff for a loss covered by the Policy.  Defendants' refusal
11           to  cover the loss was conscious and deliberate, and frustrated the agreed-
             upon purpose of the Policy – namely to provide coverage for losses to
12           buildings or property owned by the Mutual. Defendants' refusal to provide
             coverage for the entire loss disappointed the reasonable expectations of the
13           Mutual and its members, and deprived the Mutual of the benefits of the
             Policy."
14

15   The third cause of action is for declaratory relief in which plaintiff seeks a determination that

16   the entire plumbing system serving plaintiff's building is Covered Property under the policy.

17   Compl., ¶¶ 32-35. The relief requested by plaintiff includes all benefits due under the Policy, a

18   judicial determination that the damage to the plumbing system is covered, consequential

19   damages, attorneys fees and other expenses to obtain the benefits due, exemplary and punitive

20   damages and attorneys fees and costs of suit incurred in this action.  Compl., p. 7.

21   **III.    THE POLICY**

22           The relevant sections of the involved property insurance, attached to the Complaint as

23   Exhibit A, state:

24           A. INSURING AGREEMENT

25           The Company will pay for direct physical loss of or damage to Covered
             Property at the premises … caused by or resulting from any Covered
26           Cause Of Loss.  Covered Cause of Loss means risks of direct physical loss
             unless the loss is excluded in Section D., Exclusions; limited in Section E;
27           Limitations; or excluded or limited in the Supplemental Coverage
             Declarations or by endorsements.
28

B. COVERAGE

> Coverage is provided for Covered Property and Covered Costs and
> Expenses, as described in Sections b.1 and B.2,for which the Insured has
> an insurable interest, unless excluded in Section C., Property and Costs
> Not Covered...

(Exhibit A, Property Coverage Form, Page 1 of 14.)  Thus, for there to be coverage, it must

involve Covered Property and Covered Costs and Expenses, and any damage must have resulted

from a Covered Cause of Loss.  If either the property or costs are <u>not</u> covered or if the damage

did not result from a Covered Cause Of Loss, there is no coverage. [1]

   As referenced in Section B, Coverage, quoted above, Section C of the policy expressly

enumerates those items for which there is no coverage; they are included as Property and Costs

Not Covered:

> Unless the following property or costs are added by endorsement to this
> Coverage Form, Covered Property and Covered Costs and Expenses do
> not include:...

>> 11.  Underground tanks, pipes, flues, drains or tunnels, all whether or not
>> connected to buildings, mines or mining property; ...

(Exhibit A, Property Coverage Form, Page 7 of 14 and Page 8 of 14.)  Plaintiff asserts that the

plumbing system is comprised of fixtures and that fixtures are specifically covered under the

policy.  Compl., ¶19.  It then contends that this provision excluding "underground pipes" is

"ambiguous" because it also refers to non-residential building components, such as flues and

tunnels, and because it relates to mining or industrial operations.  Compl., ¶20.  By this motion,

Travelers and Federal are asking the Court to examine the policy and determine that the

provision at issue is clear and unambiguous as a matter of law and that it applies to preclude

coverage for any damage to underground pipes on the plaintiff's property.

////

---

[1] The claim for the costs to repair the underground plumbing system was also denied on the grounds that it was not damaged by a Covered Cause Of Loss.  The insurers' expert determined that the damages found on the waste piping below the slab of the building were the result of improper installation that occurred when the pipe was originally installed and were not the result of the fire.  It was the opinion of the plaintiff's expert that the failures below the slab were the result of the excessive heat from the fire.

1    IV.    **LEGAL ARGUMENT**

2        A.    **Rule 12(b)(6) Legal Standard.**

3        A motion to dismiss should be granted if the complaint fails to allege facts that can

4    legally support a claim for relief.    In re Stac Electronics Securities Litig., 89 F.3d 1399 (9th Cir.

5    1996) (motion to dismiss must accept allegations of material fact, but not conclusory allegations

6    of law). Nevertheless, a "complaint should not be dismissed for failure to state a claim unless it

7    appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

8    would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) The court construes

9    the nonmoving party's allegations of a material fact as true and construes them in the light most

10   favorable to the nonmoving party. Nieto v. Ecker, 845 F.2d 868, 870 (9th Cir. 1988)

11       In order to survive the Rule 12(b)(6) standard, a complaint must be anchored in a bed of

12   facts. "A court in assessing a claim's sufficiency has no obligation to take matters on blind

13   faith; despite the highly deferential reading which we accord a litigant's complaint under Rule

14   12(b)(6), we need not credit bald assertions, periphrastic circumlocutions, unsubstantiated

15   conclusions, or outright vituperations." Miranda v. Ponce Federal Bank, 948 F.2d 41, 44 (1st

16   Cir. 1991). Said in another way, conclusory allegations of law and unwarranted inferences are

17   insufficient to defeat a motion to dismiss for failure to state a claim. Epstein v. Washington

18   Energy Company, 83 F.3d 1136, 1139 (9th Cir. 1996).

19       B.    **The Policy Provision At Issue Is Not Ambiguous.**

20       Interpretation of an insurance contract, like any contract, is governed by the mutual

21   intent of the parties at the time they form the contract. AIU Ins. Co. v. Superior Court, 51

22   Cal.3d 807, 821-822 (1990). The parties' intent is found if possible, solely in the contract's

23   written provisions.  Id., at p. 822. "The 'clear and explicit' meaning of these provisions,

24   interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense

25   or a special meaning is given to them by usage' [citation], controls judicial interpretation.

26   [Citation.]" Ibid. Thus, if a layperson would give the contract language an unambiguous

27   meaning, we apply that meaning. Ibid. Only these basic principles are needed to interpret

28

G:\docs\P3323\0706002.DOC

1    contract language that is clear and unambiguous. Shell Oil Co. v. Winterthur Swiss Ins. Co., 12

2    Cal.App.4th 715, 737 (1993). Thus, "when the terms of an insurance policy are plain and

3    explicit, the court will indulge in no forced construction so as to cast unassumed liability on an

4    insurance company." Jensen v. Traders & Gen'l Ins. Co., 52 Cal.2d 786, 791 (1959).

5    Similarly, where there is no doubt in the meaning of the policy language, courts will not strain

6    to find ambiguities. Hauser v. State Farm Mut. Auto. Ins. Co., 205 Cal.App.3d 843, 846

7    (1988); Barrett v. Farmers Ins. Group, 174 Cal.App.3d 747, 752 (1985).

8         Simply stating that a policy provision is ambiguous, as plaintiff has in its complaint,

9    does not make it so. Whether language in a contract is ambiguous is a question of law.

10   Producers Dairy Delivery Co. v. Sentry Ins. Co., 41 Cal.3d 903, 912 (1986). The rules for

11   recognizing ambiguity are straightforward. Ambiguity exists when an insurance policy

12   provision is susceptible to two or more constructions that are (1) reasonable and (2) not based

13   on strained interpretation of policy language. Shell Oil Co. v. Winterthur Swiss Ins. Co., supra,

14   12 Cal.App.4th 715, 737; Producers Dairy Delivery Co. v. Sentry Ins. Co., supra, 41 Cal.3d

15   903, 912.

16        The policy language under scrutiny here is plain and straightforward. The provision

17   states that covered property does not include "underground tanks, pipes, flues, drains or tunnels,

18   all whether or not connected to buildings, mines or mining property". Plaintiff contends that it

19   is ambiguous in light of the insuring agreement which states that the policy covers fixtures.

20   This is not a viable argument. "[A] specific provision relating to a particular subject will

21   govern in respect to that subject, as against a general provision, even though the latter, standing

22   alone, would be broad enough to include the subject to which the more specific provision

23   relates." Furtado v. Metropolitan Life Insurance Co., 60 Cal.App.3d 17, 25 (1976). See also

24   California Packing Corp. v. Transport Indemnity Co., 275 Cal.App.2d 363, 370 (1969) ("Where

25   general and specific provisions of an insurance policy differ as to its coverage or applicability,

26   the specific provisions will prevail"). In other words, "general expressions of coverage in the

27   insuring clause of an insurance policy do not render ineffective the limitations provided by

28

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH
RELIEF CAN BE GRANTED (RULE 12(b)(6)) [CV08-02874 CW]- 5 -

G:\docs\P3323\0706002.DOC

1  exclusions stated in subsequent clauses of the policy." 13 J. Appleman, Insurance Law and

2  Practice § 7387, at 181 (1976).  The specific provision excluding underground pipes is not

3  rendered ambiguous because the policy covers fixtures generally.   The specific exclusion

4  governs and underground pipes are not covered property.

5        Plaintiff also states the provision is ambiguous in that the provision "refers to non-

6  residential building components such as flues and tunnels" and that it "clearly relates to mining

7  or industrial operations, particularly when construed in the context of the circumstances of this

8  particular case." Compl.,¶ 20.  In paragraph 21, plaintiff contends that "the policy was obtained

9  to provide coverage for numerous buildings within the Rossmoor development," and that "the

10 purpose of the Policy is frustrated if some plumbing systems are covered and portions of some

11 are not."  In all of the foregoing, plaintiff offers no alternative reasonable meaning.

12       Any alternative interpretation urged by plaintiff must be one to which the policy is

13 reasonably susceptible.  The exclusion at issue admits of only one interpretation: the policy,

14 which applies to the covered property, does not cover any damage or repair to underground

15 pipes whether or not they are connected to buildings and whether those buildings are

16 residential, commercial or industrial.  Not only does the exclusion for underground pipes apply

17 to buildings, it also applies to mines and mining property.  The fact that the provision also

18 excludes various underground non-residential components and applies to mines and mining

19 property as well as buildings does not make it ambiguous.  Plaintiff incurred costs to repair

20 certain underground pipes associated with its apartment building and those costs are not

21 covered.

22       Finally, in paragraph 22 of the complaint, it is stated that plaintiff "reasonably expected

23 that all damage to the Covered Property caused by a fire would be covered" and that it "had no

24 reason to believe that an exclusionary clause regarding mining operations would result in a

25 denial of coverage."  The doctrine that an insurance policy should be interpreted to give effect

26 to the insured's reasonable expectations applies only when an ambiguity exists. Producers

27 Dairy Delivery Co. v. Sentry Ins. Co., supra, 41 Cal.3d 903, 912; Schrillo Co. v. Hartford

28

G:\docs\P3323\0706002.DOC

1    Accident & Indemnity Co., 181 Cal.App.3d 766, 775-776 (1986). In this case, there is no

2    ambiguity, and accordingly, the reasonable expectation of coverage doctrine is not applicable.

3    There being no ambiguity in the language of the policy presently under consideration, the court

4    should give the unambiguous terms of the policy effect.

5        **C.    Plaintiff's First Cause of Action For Breach of Contract Fails to State Facts
              Sufficient to Constitute a Cause of Action.**

6

7        Plaintiff attempts to state a cause of action for breach of contract in its first cause of

8    action. In order to state a cause of action for breach of the insurance contract, it must plead the

9    relevant, material terms of the contract, their performance or excuse for nonperformance of the

10   relevant terms, defendant's breach of the relevant terms and damages to the plaintiffs which

11   were caused by defendant's breach. Acoustics, Inc. v. Trepte Construction Co., 14 Cal.App.3d

12   887, 913 (1971).

13       Plaintiff seeks recovery of approximately $70,000 it incurred to repair the damage to the

14   underground portions of the plumbing system which defendants determined were not subject to

15   coverage under the Policy. The obligations of Travelers and Federal pursuant to the insurance

16   contract attached to the complaint as Exhibit A were not breached. Among other reasons,

17   defendants denied coverage on the basis of a provision which states that "[u]nderground tanks,

18   pipes, flues, drains or tunnels, all whether or not connected to the buildings, mines or mining

19   property" are excluded as "Property and Costs Not Covered". This provision is clear and

20   unambiguous for the reasons discussed above and it has been found to be unambiguous and

21   applied by a variety of courts in other jurisdictions.

22       In General Accident Ins. Co. v. Unity/Waterford-Fair Oaks, 288 F.3d 651 (5th Cir.

23   2002), an apartment complex owner brought an action against its commercial property insurer

24   to recover for alleged damage to the foundations of its buildings caused by seepage or leakage

25   from underground sewer and water pipes, and for the costs of accessing and repairing that

26   underground plumbing. The Circuit Court affirmed the order granting summary judgment in

27   favor of the insurer finding that the policy did not cover these losses since the policy expressly

28   excluded "underground pipes, flues or drains" from covered property. The policy therein

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH
RELIEF CAN BE GRANTED (RULE 12(b)(6)) [CV08-02874 CW]- 7 -

1   provided commercial property insurance against "direct physical loss of or damage to Covered

2   Property" resulting from "covered causes of loss" to buildings and business income. Id. at 653-

3   654.    The policy also provided that covered property did not include "underground pipes, flues

4   and drains" Id. at 654.  The court held that the underground pipes were never included as

5   covered property.  It rejected the insured's argument that the damage was covered since it

6   occurred as a result of an exception to an exclusion for certain specified causes of loss. Id. at

7   655-656.  This did not have the effect of extending coverage to property that was not covered in

8   the first place. Id.  The court also refused to consider parol evidence to determine the meaning

9   of the contract since the policy was not ambiguous in any pertinent sense. Id. at 657.

10          Monju v. Continental Casualty Co., 487 So.2d 729 (1986) involved a claim by

11   apartment building owners arising out of the repair of a broken pipe and a separation of the

12   pipe in the building's sewer system.  The provisions of the All Risk Building Form at issue

13   therein provided coverage to buildings or structures, including fixtures, machinery and

14   equipment constituting a permanent part of and pertaining to the service of the buildings.  The

15   policy also contained provisions with respect to "property not covered" which removed from

16   coverage "…underground flues, pipes, wiring and drains…." Id. at 731.  The Louisiana Court

17   of Appeal held that the words of the contract are unambiguous and that the underground pipes

18   and drains are clearly not covered by the policies. Ibid.  The insured building owners could not

19   recover expenses in repairing those items.

20          Finally, in Weldon v. Commercial Union Assurance Co., 103 N.M. 522, 710 P.2d 89

21   (1985), the court reversed the trial court's ruling in favor of the insured and held that the insurer

22   was not liable for the costs to repair a gas leak that developed underground because the policy

23   unambiguously stated that it did not cover underground pipes and flues.  The property

24   insurance therein was issued to Weldon for coverage of the De Anza Motor Lodge.  Section I

25   of the policy defined covered property to include buildings or structures as well as "fixtures,

26   machinery and equipment constituting a permanent part of and pertaining to the service of the

27   building(s)." Id. at 523.   Section II of the policy defined property not covered and stated that it

28

G:\docs\P3323\0706002.DOC

1    did not cover, among other things, "pilings, piers, pipes, flues and drains which are

2    underground." Ibid.  There was no dispute that the gas pipeline was a fixture constituting a

3    permanent part of and pertaining to the service of the building.  Weldon argued, as does the

4    plaintiff herein, that Sections I and II of the policy when read together create an ambiguity. Id.

5    at 524.  The court, relying on California decisions regarding policy interpretation, agreed with

6    the insurer that the policy was not ambiguous.  "Section II [the exclusion for "pilings, piers,

7    pipes, flues and drains which are underground"] is not fairly susceptible of two different

8    constructions by reasonably intelligent men."  Ibid.   Section II, the specific provision which

9    denied coverage of underground pipes and flues, governed over Section I, the insuring

10   provision.  Ibid.  "Pipes come within the definition of covered property under Section I except

11   when they are underground, as excluded in Section II."  Ibid.

12        The provision at issue is clear and unambiguous and applies in this instance to preclude

13   coverage for plaintiff's costs to repair the portion of its plumbing system located underground,

14   i.e. pipes that are located below the slab of its apartment building.  The determination that these

15   costs were not covered by Travelers and Federal was proper under the policy and, as a matter of

16   law, does not constitute a breach of contract.

17        **D.    Plaintiff's Second Cause of Action For Bad Faith Fails to State Facts**
           **Sufficient to Constitute a Cause of Action.**

18

19        In its second cause of action, plaintiff alleges that Travelers and Federal have breached

20   their covenant of good faith and fair dealing "by refusing, without proper cause, to compensate

21   Plaintiff for a loss covered by the Policy."  Compl., ¶ 29, lines 7-8.  To establish a bad faith

22   claim, the insured must show that (1) benefits due under the policy were withheld and (2) the

23   reason for withholding the benefits was unreasonable or without proper cause.  Neal v. Farmers

24   Ins. Exchange, 21 Cal.3d 910, 920 (1978).  "It is now clear under California law that an

25   insurer's erroneous failure to pay benefits under a policy does not necessarily constitute bad

26   faith entitling the insured to recover tort damages.  '[T]he ultimate test of [bad faith] liability in

27   the first party cases is whether the refusal to pay policy benefits was unreasonable.'"  Opsal v.

28   United Services Auto. Assn., 2 Cal.App.4th 1197, 1205 (1991).  A first party suit for breach of

G:\docs\P3323\0706002.DOC

1    the covenant against the insurer "exists to assure the insurer makes prompt payment of claims

2    to the insured.  The substance of a bad faith action in these first party matters is the insurer's

3    unreasonable refusal to pay benefits under the policy."  Gourley v. State Farm Mut. Auto. Ins.

4    Co., 53 Cal.3d 121, 127 (1991).

5            "The precise nature and the extent of the duty imposed by the implied [covenant of

6    good faith and fair dealing] will depend on the contractual purposes."  Amadeo v. Principal

7    Mut. Life Ins. Co., 290 F.3d 1152, 1161 (9th Cir.2002)) (quoting Egan v. Mutual of Omaha Ins.

8    Co., 24 Cal.3d 809, 818, (1979)).  Thus, "if there is 'no potential for coverage' under the

9    policy, a claim for bad faith cannot be brought."  Amadeo v. Principal Mut. Life Ins. Co.,

10   supra, 290 F.3d 1152, 1159 (citing Waller v. Truck Ins. Exch., 11 Cal.4th 1, 36 (1995)) ("[I]f

11   there is no potential for coverage ... there can be no action for breach of the implied covenant of

12   good faith and fair dealing because the covenant is based on the contractual relationship

13   between the insured and the insurer.")).  Here, there is no coverage under the policy for the

14   costs to repair underground pipes, which are excluded under the policy, and thus no claim for

15   bad faith can be brought.

16           Moreover, a breach of the implied covenant involves something more than a breach of

17   the contract or mistaken judgment.  Chateau Chamberay Homeowners Assn. v. Associated

18   Internat. Ins. Co., 90 Cal.App.4th 335, 345 (2001).  It must be alleged that the insurer failed or

19   refused to discharge its contractual duties not because of an honest mistake, bad judgment, or

20   negligence, "but rather by a conscious and deliberate act, which unfairly frustrates the agreed

21   common purposes and disappoints the reasonable expectations of the other party thereby

22   depriving that party of the benefits of the agreement."  Id. at p. 346.  California law provides

23   that a cause of action for bad faith must allege specific facts of misconduct.  So, for example, in

24   Spindle v. Northwestern/Pacific Indemnity Group, 89 Cal.App.3d 706 (1979), the court

25   sustained a demurrer to the insured's bad faith action against the insurer.  The insured alleged

26   that the insurer failed to advise of a conflict of interest, failed to provide separate counsel,

27   controlled defense of the underlying action and refused to settle the underlying action. Id. at

28

1  714. The court held that this was an insufficient allegation of bad faith, stating, "[p]laintiff has

2  not stated a cause of action for bad faith in any of these alleged breaches." Id.

3      The allegations of plaintiff's complaint against Federal do not begin to rise to the level

4  of alleged wrongdoing in the Spindle matter. Thus, they are insufficient as a matter of law to

5  support a cause of action for breach of the implied covenant of good faith and fair dealing. As

6  discussed, supra, plaintiff alleges merely that Federal relied on a clear and unambiguous

7  provision of the policy, which excludes underground pipes from covered property, to decline

8  the portion of its claim seeking costs to repair the building's underground plumbing system.

9  Plaintiff has not alleged, nor can it allege, any unreasonable or improper conduct by Federal

10  depriving it of the benefits of the property insurance. To the contrary, Federal has paid those

11  costs that were covered under the policy and denied those that were excluded. It has done

12  everything consistent with, and within the bounds of, the insurance contract to accommodate

13  plaintiff in the claims process. The complaint does not state facts that support the second cause

14  of action for bad faith.

15          **1.    Plaintiff Is Not Entitled To Punitive Damages As A Matter of Law.**

16      In connection with the second cause of action for breach of the covenant of good faith

17  and fair dealing, plaintiff alleges that defendants' acts "were without justification, willful,

18  wanton, malicious, fraudulent and oppressive" and that they are guilty of "oppression, fraud

19  and malice." Compl., ¶31, lines 19-21. Under California Civil Code Section 3294, exemplary

20  damages are only available "in an action for breach of an obligation not arising from contract."

21  See, Fletcher v. Western National Life Ins. Co., 10 Cal.App.3d 376, 400 (1970) ("[I]t is well

22  settled that punitive damages may not be recovered for breach of contract, even if the breach is

23  willful, fraudulent or coupled with evil intent"). "Punitive damages aren't available in

24  California for simple breaches of contract, no matter how willful . . . [T]he breach must have

25  been tortious, and the breaching party must have been guilty of oppression, fraud or malice . . .

26  Put another way, punitive damages are recoverable only where the defendant 'act[ed] with the

27  intent to vex, injure, or annoy.'" Slottow v. American Casualty Company, 10 F.3d 1355, 1361

28

G:\docs\P3323\0706002.DOC

1   (9th Cir. 1993). As set forth above, since there has been no breach of contract and no breach of

2   the implied covenant of good faith and fair dealing, the plaintiff is not entitled to an award of

3   punitive damages.

4           2.    There Is No Basis For An Award of Attorneys' Fees.

5           In connection with the second cause of action, plaintiff seeks recovery of attorneys'

6   fees. Compl., ¶30, line 16. It is axiomatic that, in California, a party may not recover

7   attorneys' fees in an action for breach of an insurance contract unless that party can plead and

8   ultimately prove a valid cause of action for breach of the covenant of good faith and fair

9   dealing. Brandt v. Superior Court, 37 Cal.3d 813, 817 (1985). Because plaintiff did not

10  sufficiently allege a bad faith cause of action as outlined in this memorandum, there is no basis

11  upon which attorneys' fees can be awarded.

12  V.    CONCLUSION

13          For the foregoing reasons, defendants Travelers and Federal respectfully request that

14  their motion to dismiss the Complaint filed herein by plaintiff be granted. The complaint is

15  devoid of facts supporting the causes of action for breach of contract and bad faith. The costs

16  incurred by plaintiff for the repair of the portion of the Property's plumbing system that was

17  located underground were excluded by the Policy.

18  DATED: June 23, 2008                NEWTON REMMEL

19

20                                      By: _Lenell Topol McCallum_

21                                          Ronald F. Remmel
                                            Lenell Topol McCallum
22                                          Attorneys for Defendant
                                            FEDERAL INSURANCE COMPANY
23
    DATED: June 23, 2008                RUDLOFF WOOD & BARROWS LLP
24

25                                      By: _Marjie D. Barrows_

26                                          Marjie D. Barrows
                                            Attorneys for Defendant
27                                          TRAVELERS PROPERTY CASUALTY
                                            COMPANY OF AMERICA
28
    NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH
    RELIEF CAN BE GRANTED (RULE 12(b)(6)) [CV08-02874 CW]- 12 -