Michael J. Hughes, Esq., SBN 60336
**HUGHES & GILL, P.C.**
1600 South Main Street, Suite 315
Walnut Creek, CA 94596
Telephone:       925-926-1200
Facsimile:       925-926-1202

Attorneys for Plaintiff
SECOND WALNUT CREEK MUTUAL

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| SECOND WALNUT CREEK MUTUAL, | No. CV082874 CW |
| Plaintiff, | **STIPULATION TO:** |
| v. | **1. CONTINUE HEARING ON MOTION TO DISMISS; AND** |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, FEDERAL INSURANCE COMPANY and DOES 1 through 20, inclusive, | **2. DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** |
| Defendants.                    / | |

IT IS HEREBY STIPULATED by and between the parties hereto as follows:

1.       Pursuant to N.D.C.A. Local Rule 7-7, that the hearing on defendants' *Motion to Dismiss For Failure To State A Claim Upon Which Relief Can be Granted (Rule 12(b)(6)* shall be continued from August 14, 2008 until September 18, 2008, 2:00 p.m. in Courtroom 2.   All deadlines to file responsive pleadings are continued accordingly.

2.       Pursuant to Fed.R.Civ.Proc. 15(a)(2), that the plaintiff shall dismiss its second cause of action for Breach Of Implied Covenant Of Good Faith And Fair Dealing, with prejudice, against

1

**STIPULATION**

both defendants.  In connection with the dismissal of the second cause of action, the following language shall be deemed stricken from plaintiff's *Complaint For Breach Of Contract, Breach Of Implied Covenant Of Good Faith And Fair Dealing, Declaratory Relief And Punitive Damages* (attached hereto without exhibits for reference as Exhibit A):

- The words "attorneys' fees" in the Complaint at page 5, line 23;
- Page 6, lines 1 through 27; and
- Page 7, lines 21-23

Defendants specifically consent to the above modifications.

SO STIPULATED.

Dated: July 24, 2008                **HUGHES & GILL, P.C.**

By: /s/ *Michael J. Hughes*_____
    Michael J. Hughes
    Attorneys for Plaintiff
    SECOND WALNUT CREEK MUTUAL

Dated: July __, 2008                **NEWTON REMMEL**

By:_____
    Ronald F. Remmel
    Attorneys for Defendant
    FEDERAL INSURANCE COMPANY

Dated: July __, 2008                RUDLOFF WOOD & BARROWS, LLP

By:_____
    Marjie D. Barrows
    Attorneys for Defendant
    TRAVELERS PROPERTY CASUALTY
    COMPANY OF AMERICA

**STIPULATION**

both defendants.  In connection with the dismissal of the second cause of action, the following

language shall be deemed stricken from plaintiff's *Complaint For Breach Of Contract, Breach*

*Of Implied Covenant Of Good Faith And Fair Dealing, Declaratory Relief And Punitive*

*Damages* (attached hereto without exhibits for reference as <u>Exhibit A</u>):

- The words "attorneys' fees" in the Complaint at page 5, line 23;
- Page 6, lines 1 through 27; and
- Page 7, lines 21-23

Defendants specifically consent to the above modifications.

SO STIPULATED.

Dated: July 24, 2008                    **HUGHES & GILL, P.C.**


By: */s/ Michael J. Hughes*
              Michael J. Hughes
              Attorneys for Plaintiff
              SECOND WALNUT CREEK MUTUAL

Dated: July 24, 2008                    **NEWTON REMMEL**


By:
              Ronald F. Remmel
              Attorneys for Defendant
              FEDERAL INSURANCE COMPANY

Dated: July __, 2008                    RUDLOFF WOOD & BARROWS, LLP


By:
              Marjie D. Barrows
              Attorneys for Defendant
              TRAVELERS PROPERTY CASUALTY
              COMPANY OF AMERICA

STIPULATION

2

1  both defendants. In connection with the dismissal of the second cause of action, the following

2  language shall be deemed stricken from plaintiff's *Complaint For Breach Of Contract, Breach*

3  *Of Implied Covenant Of Good Faith And Fair Dealing, Declaratory Relief And Punitive*

4  *Damages* (attached hereto without exhibits for reference as <u>Exhibit A</u>):

5  • The words "attorneys' fees" in the Complaint at page 5, line 23;

6  • Page 6, lines 1 through 27; and

7  • Page 7, lines 21-23

8  Defendants specifically consent to the above modifications.

9  SO STIPULATED.

10  Dated: July 24, 2008                    **HUGHES & GILL, P.C.**

13  By: /s/ *Michael J. Hughes*
        Michael J. Hughes
14      Attorneys for Plaintiff
        SECOND WALNUT CREEK MUTUAL

15  Dated: July __, 2008                   **NEWTON REMMEL**

18  By:_____
        Ronald F. Remmel
19      Attorneys for Defendant
        FEDERAL INSURANCE COMPANY

21  Dated: July 24 2008                    RUDLOFF WOOD & BARROWS, LLP

23  By: *Marjie D. B*
24      Marjie D. Barrows
        Attorneys for Defendant
25      TRAVELERS PROPERTY CASUALTY
        COMPANY OF AMERICA

**STIPULATION**                                                     2

# EXHIBIT A

Michael J. Hughes, Esq., SBN 60336
Amy K. Tinetti, Esq., SBN 199651
**HUGHES & GILL, P.C.**
1600 South Main Street, Suite 315
Walnut Creek, CA 94596
Telephone:     925-926-1200
Facsimile:     925-926-1202

Attorneys for Plaintiff
SECOND WALNUT CREEK MUTUAL

F I L E D

APR - 8 2008

K. TORRE, CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
By
S. HARGROVE, Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF CONTRA COSTA**    C   08 - 00998

| | |
|---|---|
| SECOND WALNUT CREEK MUTUAL,<br><br>        Plaintiff,<br><br>   v.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, FEDERAL INSURANCE COMPANY and DOES 1 through 20, inclusive,<br><br>        Defendants.<br>_____/ | No.<br><br>**COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLED COVENANT OF GOOD FAITH AND FAIR DEALING, DECLARATORY RELIEF AND PUNITIVE DAMAGES** |

Plaintiff SECOND WALNUT CREEK MUTUAL (the "Mutual") complains of Defendants, and each of them, as follows:

**GENERAL ALLEGATIONS**

1.    At all times herein mentioned, the Mutual was, and now is, a non-profit corporation duly organized under and by virtue of the laws of the State of California, with its principal place of business in Walnut Creek, Contra Costa County, State of California.

2.    The Mutual is one of many common interest developments (as defined in *Civil Code* section 1351) located in the community known as Rossmoor, located in Walnut Creek, California.

---

3.     The Mutual and other common interest developments in Rossmoor are managed by the Golden Rain Foundation ("GRF"). GRF obtained the property insurance policy described below for and on behalf of the Mutual.

4.     Travelers Property Casualty Company of America ("Travelers") is, and at all times mentioned was, a business organization of a form unknown to Plaintiff. Plaintiff is informed and believes, and thereupon alleges that Travelers is a corporation authorized under the laws of the State of California to transact business in this state as an insurance company.

5.     Federal Insurance Company ("Federal") is, and at all times mentioned was, a business organization of a form unknown to Plaintiff. Plaintiff is informed and believes, and thereupon alleges that Federal is a corporation authorized under the laws of the State of California to transact business in this state as an insurance company.

6.     Plaintiff is informed and believes, and thereupon alleges that Chubb & Son ("Chubb") is a division of Federal. Chubb is, and at all times mentioned was, a business organization of a form unknown to Plaintiff. Plaintiff is informed and believes and thereupon alleges that Chubb is a corporation authorized under the laws of the State of California to transact business in this state as an insurance company. For the purposes of this Complaint, all references to Federal shall be deemed to refer to Chubb as well.

7.     Plaintiff does not know the true names, capacities and identities, whether corporate, partnership, individual or otherwise, of defendants sued herein as Does 1 through 20, inclusive, and for this reason sues such defendants by such fictitious names in accordance with Section 474 of the Code of Civil Procedure. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously-named defendants is legally responsible for the events and action referred to this Complaint and wrongfully caused injury and damages to Plaintiff, as alleged below. Plaintiffs will seek leave to amend this Complaint to state these defendants' true names and capacities when they are ascertained.

8.     Travelers issued a property insurance policy to GRF, policy number KTJ-CMB-187D484-4-05, which took effect on or about January 1, 2005 (the "Policy"), a true and correct

copy of which is attached hereto as Exhibit A. Travelers and Federal share coverage under the Policy. Both Travelers and Federal agreed to pay fifty percent (50%) of the first $50,000,000 of a covered loss under the Policy, per the Participating Companies Schedule included with the Policy. Federal signed the Participating Companies Schedule and assigned its own policy number to the Policy, that policy number being 661-82-25.

9.    The Policy was obtained to provide coverage in the event of a casualty, such as a fire, to certain real property and improvements located within Rossmoor, including the real property and improvements that constitute the Mutual.

10.   The Policy provides that Travelers and Federal "will pay for direct physical loss or damage to Covered Property at premises described in the most recent Statement of Values or other documentation on file with the Company. . . ."

11.   The Statement of Values, a true and correct copy of which is attached hereto as Exhibit B, lists the various projects located within Second Walnut Creek Mutual as "SWCM." The Mutual, therefore, is a direct beneficiary of the Policy, the Policy having been obtained by GRF on the Mutual's behalf, to cover the property and improvements owned by the Mutual and located within its boundaries.

12.   On June 9, 2005, a fire broke out at 3136 Tice Creek Drive, a two-story building located within project 10 of the Mutual that contains eight residential units (the "Property"). The fire caused direct physical loss to the Property, including the plumbing system.

13.   The Mutual promptly reported a claim to Travelers and Federal and otherwise performed all terms and conditions of the Policy which they were required to perform for payment of insurance benefits.

14.   Travelers and Federal responded to the Mutual's claim, agreeing that some of the damage to the Property was covered under the Policy. Travelers and Federal paid a portion of the Mutual's claim for damage to the Property, including damage to a portion of the Property's plumbing system damaged as a result of the June 9, 2005 fire.

///

---

COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH

3

15.    However, despite their obligation to pay for direct physical loss or damage to the Property, Travelers and Federal denied coverage to the Mutual for damage to the portion of the Property's plumbing system located underground. The Mutual paid approximately $70,000 to repair the damage to the portions of the plumbing system which Travelers and Federal determined were not subject to coverage under the Policy.

16.    Travelers and Federal denied coverage on the grounds that the damage to the portion of the plumbing system underground was not caused by the fire, even though the damage to the above-ground portion of the plumbing system was caused by the fire and coverage was extended for that loss under the Policy.

17.    With respect to the denial of Travelers and Federal based on causation, in California first-party claims are covered if an insured peril is the "efficient proximate cause" of the loss even if non-insured perils may have contributed to that loss. The expert hired by the Mutual concluded that the damage to the Property's plumbing system was typical of a stress load fracture pattern caused by excessive heat.

18.    Travelers and Federal also denied coverage on the basis of a provision of the Policy that provides the following property is not "Covered Property": "underground tanks, pipes, flues, drains or tunnels, all whether or not connected to buildings, mines or mining property."

19.    The Property's plumbing system is comprised of plumbing fixtures, and "fixtures" are specifically covered under the Policy.

20.    The provision relied upon by Travelers and Federal to deny coverage is ambiguous, in that it refers to non-residential building components such as flues and tunnels. When the Policy is read as a whole, the relied-upon provision clearly relates to mining or industrial operations, particularly when construed in the context of the circumstances of this particular case. To do otherwise would result in a policy that is illusory and defies common sense.

21.    The Policy was obtained to provide coverage for numerous buildings within the

---

Rossmoor development, including the Property. Plaintiff is informed and believes, and thereon alleges that, within the footprint of the buildings covered under the Policy, some have plumbing systems located entirely above ground and some have plumbing systems where, like the plumbing system on the Property, a portion of the fixtures are located above-ground and a portion are located underground. The purpose of the Policy is frustrated if some plumbing systems are covered and portions of some are not, when the Policy provision on which that determination is made does not appear to have any relevance in a residential development.

22.     The Mutual, as an express beneficiary of the Policy, reasonably expected that all damage to the Covered Property caused by a fire would be covered under the Policy. The Mutual had no reason to believe that an exclusionary clause regarding mining operations would result in a denial of coverage.

### FIRST CAUSE OF ACTION
#### (For Breach of Contract Against Defendants)

23.     Plaintiff realleges and incorporates by this reference the allegations contained in Paragraph 1 through 22 of this Complaint.

24.     Plaintiff duly performed each and every condition and obligation that it was required to perform under the Policy.

25.     Defendants breached their contractual duties to Plaintiff by failing to fulfill the express obligations assumed by Defendants, including but not limited to Defendants' duty to pay insurance benefits under the Policy for direct physical loss or damage to the Property.

26.     As a direct and legal result of Defendants' breach of their obligations, Plaintiff has suffered and will continue to suffer damages, including but not limited to loss of insurance benefits, interest on those benefits, attorneys' fees, expert's fees, other financial losses and incidental damages, out-of-pocket expenses, and loss of use of the property, all to its damage in an amount well in excess of the jurisdiction of this Court to be shown according to proof.

///

///

---

## SECOND CAUSE OF ACTION
### (For Breach of Implied Covenant of Good Faith and Fair Dealing Against Defendants)

27.    Plaintiff realleges and incorporates by this reference the allegations contained in Paragraph 1 through 26 of this Complaint.

28.    Defendants owed to Plaintiff the duties of good faith and fair dealing implied by law in every contract of insurance.

29.    Defendants breached these duties by refusing, without proper cause, to compensate Plaintiff for a loss covered by the Policy. Defendants' refusal to cover the loss was conscious and deliberate, and frustrated the agreed-upon common purpose of the Policy – namely to provide coverage for losses to buildings and property owned by the Mutual. Defendants' refusal to provide coverage for the entire loss disappointed the reasonable expectations of the Mutual and its members, and deprived the Mutual of the benefits of the Policy.

30.    As a direct and legal result of Defendants' breach of their obligations, Plaintiff has suffered and will continue to suffer damages, including but not limited to loss of insurance benefits, interest on those benefits, attorneys' fees, expert's fees, other financial losses and incidental damages, out-of-pocket expenses, and loss of use of the property, all to its damage in an amount well in excess of the jurisdiction of this Court to be shown according to proof.

31.    The acts complained of in this Complaint were without justification, willful, wanton, malicious, fraudulent and oppressive, and Defendants are guilty of oppression, fraud and malice. Further, all of the alleged acts were performed, authorized or ratified by one of more of Defendants' officers, directors, managing agents, or managerial employees, who acted with knowledge that said conduct would cause Plaintiff harm. Defendants are therefore subject to the imposition of punitive and exemplary damages.

///

///

///

COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH

6

# THIRD CAUSE OF ACTION
## (For Declaratory Relief Against Defendants)

32.    Plaintiff realleges and incorporates by this reference the allegations contained in Paragraph 1 through 31 of this Complaint.

33.    An actual controversy has arisen and now exists between Plaintiff and Defendants, and each of them, regarding the obligations of Defendants to Plaintiff.

34.    Defendants contend that portions of the plumbing system serving Plaintiff's buildings but located underground are not "Covered Property" based on the provision of the Policy described in Paragraph 10 of this Complaint.

35.    Plaintiff contends that the entire plumbing system serving Plaintiff's buildings is Covered Property.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For all benefits due under the Policy, together with interest thereon at the legal rate;

2.    For a judicial declaration that the damage to the plumbing system is covered under the Policy;

3.    For consequential damages legally caused by Defendants' conduct in an amount according to proof;

4.    For attorneys' fees and other expenses incurred to obtain the benefits due under the Policy;

5.    For exemplary and punitive damages;

6.    For attorneys' fees and costs of suit herein incurred;

///

///

///

7.    For prejudgment interest;

8.    For such other and further relief as the Court may deem just and proper.


Dated:  April 8, 2008                    HUGHES & GILL, P.C.


                                         By: _____
                                             Michael J. Hughes
                                             Attorneys for Plaintiff
                                             SECOND WALNUT CREEK MUTUAL

---